Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00206-CR 

                                                    __________

 

                          BILLY
DAMONE GALLOWAY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR36753

 



 

                                            M
E M O R A N D U M   O P I N I O N

Billy
Damone Galloway appeals his conviction by a jury of the offense of driving
while intoxicated with child passengers.  The jury assessed his punishment at twenty-one
months in the Texas Department of Criminal Justice, State Jail Division.  He
contends in two issues that the evidence is legally and factually insufficient
to support the verdict and that the trial court erred in denying his counsel’s
motion to withdraw.  We affirm.

            Galloway
contends in Issue One that the evidence is legally and factually insufficient
to support his conviction.  We note at the outset of
our analysis that the Texas Court of Criminal Appeals has now held in Brooks
v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010),
that there is “no meaningful distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
will review Galloway’s factual sufficiency challenge under the legal
sufficiency standard set forth in Jackson v. Virginia.  Under this
standard, we must review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

            Brad
Barnes testified that he was employed with the Midland Police Department as a
night-shift patrol officer.  He said that, on the evening of October 28, 2009,
he received a dispatch call concerning a disturbance at the corner of
Marienfeld and Tennessee.  He indicated that the first thing he saw once he
arrived there were the taillights from the vehicle as it was trying to exit a
parking lot.  He related that the vehicle stopped after he got behind it and
turned on his lights.  He affirmed that it was a public place located in
Midland County.

            Officer
Barnes testified that Galloway leaned on his vehicle as he exited it.  He
indicated that there was an odor of alcoholic beverage emanating from Galloway
and his clothing.  He said Galloway told him that he had been drinking a
malt-liquor-type beer beverage, but he could not recall Galloway telling him
how much he had drunk.  He confirmed that Galloway’s wife and children were in
the vehicle.  He indicated that the children were ages two, eight, and eleven. 
He said that he did not perform field sobriety tests at that time and location
because, with the children crying and screaming, he thought it better to let
them go ahead and leave.

            Officer
Barnes said that, after arresting Galloway, he took him to Midland Memorial
Hospital and obtained a blood draw.  He said he turned the blood vial he
obtained in as evidence at the Midland Police Department.  Galloway and the
State stipulated that the test showed that the blood sample taken from Galloway
contained 0.19 grams of alcohol per 100 milliliters of blood.  Officer Barnes
related that he then took Galloway to jail, where Galloway performed three
field sobriety tests:  the horizontal gaze nystagmus test, the walk-and-turn
test, and the one-leg-stand test.  He said that he gathered clues of Galloway
being intoxicated from all three tests.

            Galloway
testified that his wife and children had walked to meet him from his wife’s
place of employment.  He acknowledged that he had been drinking while on the
job.  He said he thought the parking lot was private property and that his
intention was for his wife to drive.  We hold that the evidence is sufficient
to support Galloway’s conviction.  We overrule Issue One. 

            Galloway
urges in Issue Two that the trial court erred by denying his trial counsel’s
motion to withdraw.  The standard of review for a trial court’s decision on
whether to allow a lawyer to withdraw from a case is abuse of discretion.  Green
v. State, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992).  The right to counsel
may not be manipulated to obstruct the judicial process or interfere with the
administration of justice.  Id.  The record reflects that, shortly
before trial, counsel for Galloway called the trial court’s attention to the
fact that he had earlier filed a motion to withdraw that had not been ruled on
because a continuance was given after Galloway had given the court the name of
an attorney whom he intended to hire.  Galloway never hired other counsel. 
Counsel for Galloway also noted for the record that Galloway had neither
returned his phone calls nor come to see him prior to trial.  The trial court
denied counsel’s motion to withdraw.  We hold that the trial court did not
abuse its discretion in denying counsel’s motion to withdraw.  

            Galloway
urges that the trial court abused its discretion by not granting the motion to
withdraw and allowing him to obtain other counsel because his counsel’s efforts
were hampered by Galloway not communicating with him.  As noted, the record
reflects that Galloway had chosen not to communicate with his counsel and had
previously been given the opportunity to acquire other counsel but that he had
failed to do so.  We overrule Issue Two. 

            The
judgment is affirmed.    

 

                                                                                                            PER
CURIAM

August 31, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.